IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IVA BRIDENBAKER,                                    3:14-cv-00573-BR

        Plaintiff,                              OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

        Defendant.


SARA L. GABIN
14523 Westlake Drive
Lake Oswego, OR 97035
(503) 620-3171

        Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1044


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2495

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Iva Bridenbaker seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act.

      This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this case for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

      Plaintiff filed her application for DIB on October 4, 2010. Tr. 13.[1]  Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a

---

     [1] Citations to the official transcript of record filed by the Commissioner on August 21, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on August 30, 2012.  Tr. 30.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 31.

The ALJ issued a decision on September 12, 2012, in which he found Plaintiff is not entitled to benefits.  Tr. 23-24.  That decision became the final decision of the Commissioner on March 7, 2014, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## **BACKGROUND**

Plaintiff was born on December 8, 1965; was 46 years old on the date of the hearing; and has a sixth-grade education. Tr. 196.  Plaintiff has prior relevant work experience as a housekeeping cleaner, waitress, cook, cashier, prep cook, and fast-food cook.  Tr. 23.

Plaintiff alleges disability since April 1, 2009, due to human immunodeficiency virus (HIV), hepatitis C, "deteriorating spine," migraines, anxiety, dyslexia, Graves' disease, and high blood pressure.  Tr. 164, 191.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 15-23.

3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,

4 - OPINION AND ORDER

resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser,* 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other

6 - OPINION AND ORDER

words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser,* 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P,

appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since April 1, 2009, her alleged onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of HIV, hepatitis C, Graves disease, degenerative disc disease and arthritis in the spine, and "skin lesions on the arms."  Tr. 15-17.  In addition, the ALJ found Plaintiff has the medically determinable, but nonsevere impairments of depression and anxiety.  Tr. 16.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 17-18.  In his assessment of Plaintiff's RFC the ALJ found Plaintiff has the functional capacity to perform work at a light exertion level except that she can only carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight-hour work day; sit for six hours in an eight-hour work day; perform "simple, entry-level work"; cannot perform work that requires written instructions or written reports; and cannot perform work involving food preparation. Tr. 18-23.

At Step Four the ALJ found Plaintiff is able to perform her past relevant work as a housekeeping cleaner.  Tr. 23. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 32.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to identify adequately the part of Plaintiff's testimony that the ALJ found credible or identify the evidence that undermined the portion of Plaintiff's testimony that the ALJ rejected; (2) erroneously rejected the lay testimony of Shelly Hammons, Plaintiff's former supervisor, and Clarence Blake, Plaintiff's boyfriend; and (3) failed to include in his assessment of Plaintiff's RFC and, as a result, in his hypothetical to the VE Plaintiff's limitations related to her arm lesions and respiratory impairments.  Plaintiff, therefore, contends the Court should reverse the ALJ's decision and remand this matter to the Commissioner for further administrative proceedings.

## I.    Plaintiff's Testimony

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to

produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834). The ALJ's findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

In her Adult Function Report dated December 18, 2009, Plaintiff reported during a normal day she wakes up, takes medications, and goes to work "as best I can" before returning home to rest her back and go to bed. Tr. 182. Plaintiff stated

she takes care of her disabled boyfriend, prepares meals, and does the laundry. Tr. 182. Plaintiff reported her back hurts when bending down, standing up, and lying down. Tr. 183. Plaintiff stated she dusts around her house and folds clothes for two hours two times per week, but she requires help with vacuuming and lifting laundry. Tr. 184. Since Plaintiff's conditions began, Plaintiff reported she no longer has been able to fish, go to movie theaters, camp, or play horseshoes because her "pain does not subside." Tr. 186. Plaintiff indicated her impairments affect her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, and complete tasks. Tr. 187. Plaintiff stated she can walk approximately 200 yards before requiring five-to-ten minutes of rest, but that "things are getting worse by the month." Tr. 187.

At the August 30, 2012, hearing, Plaintiff testified the sores on her arms began appearing approximately eight months before and that her doctors told her the lesions could not be cured. Tr. 41. Plaintiff testified her back problems began in 2007, but she continued to work part-time. Tr. 42-43. Plaintiff reported her previous employer cut back her hours because of her difficulties caused by back pain. Tr. 48. Plaintiff described her back pain as a steady burning sensation that causes her to have to change positions even while sitting. Tr. 51. In addition, Plaintiff testified her back pain also causes her

11 - OPINION AND ORDER

difficulty when sleeping, bending, pushing, lifting, and standing up.  Tr. 50-53.  Plaintiff reported her difficulties standing had progressed to the point where she could not "stand and do a sink of dishes anymore."  Tr. 56.  Plaintiff testified her medications cause her nausea and, as a result, she vomits frequently.  Tr. 55-56.

The ALJ discounted Plaintiff's testimony because he found Plaintiff's reported symptoms are disproportionate to objective and clinical findings in the record, Plaintiff's course of treatment has been routine and conservative, and Plaintiff's activities of daily living are inconsistent with her testimony. Tr. 19-21.

Plaintiff, in turn, contends the ALJ failed to sufficiently identify the testimony that the ALJ found credible and the testimony that the ALJ did not find credible and to identify the evidence that supports the ALJ's rejection of that testimony. Plaintiff does not contend, however, that the ALJ failed to cite clear and convincing reasons for rejecting Plaintiff's testimony. *See* Pl.'s Reply (#18) at 6.

Although the record reflects the ALJ sufficiently identified the evidence that supported his finding that Plaintiff underwent a conservative course of treatment, the ALJ did not make specific findings to support his other two reasons for rejecting Plaintiff's testimony.  Tr. 20-21.  After the ALJ found

Plaintiff's alleged symptoms were disproportionate to the objective and clinical findings in the record, the ALJ simply summarized the medical record without indicating which evidence was inconsistent with which allegations.  Tr. 19-20.  Similarly, the ALJ did not identify the reported daily activities that he found to be inconsistent with Plaintiff's testimony.  Tr. 21. The ALJ's duty to specify the testimony that is contradicted and the evidence that contradicts that testimony is especially important when, as in this instance, the ALJ only provided general reasons for rejecting the claimant's testimony, which makes it difficult to conclude that "the ALJ did not arbitrarily discredit claimant's testimony."  *See Thomas*, 278 F.3d at 958. Accordingly, because the ALJ failed to identify "what testimony is not credible and what evidence undermines the claimant's complaints," the ALJ improperly rejected Plaintiff's testimony. *See Parra,* 481 F.3d at 750 (quoting *Lester*, 81 F.3d at 834).

On this record, therefore, the Court concludes the ALJ erred when he rejected Plaintiff's testimony without providing legally sufficient reasons supported by substantial evidence in the record for doing so.

**II.  Lay testimony**

When determining whether a claimant is disabled, the ALJ must consider lay-witness testimony concerning a claimant's limitations and ability to work.  *Molina v. Astrue*, 674 F.3d

13 - OPINION AND ORDER

1104, 1114 (9th Cir. 2012).  If the ALJ wishes to discount the testimony of lay-witnesses, he "must give reasons that are germane to each witness."  *Id.* (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)).  *See also Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)(improperly rejected lay-witness testimony is credited as a matter of law).

Although the ALJ's reasons for rejecting lay-witness testimony must be "specific" (*Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006)), the ALJ need not discuss every witness's testimony on an individualized basis.  *Molina*, 674 F.3d at 1114.  "[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."  *Id.  See also Valentine v. Comm'r Soc. Sec. Admin.*, 674 F.3d 685, 690 (9th Cir. 2009).

**A.    Testimony of Shelly Hammons**

As noted, Plaintiff contends the ALJ provided legally insufficient reasons for discounting the letter of Shelly Hammons, Plaintiff's former supervisor.

Hammons reported she was Plaintiff's supervisor while Plaintiff worked at a Kentucky Fried Chicken in Tigard, Oregon. Tr. 268.  Hammons stated Plaintiff was unable to complete her shifts on "many occasions" due to back pain and headaches. Tr. 268.  Hammons reported she shortened Plaintiff's shifts to

14 - OPINION AND ORDER

accommodate Plaintiff's medical conditions, but Plaintiff was still "unable to keep up with the pace of work," had to take extra breaks, and missed "several shifts due to pain."  Tr. 268. Hammons stated Plaintiff was terminated in February 2011 when the store closed, but "[e]ven if the store hadn't closed, Iva would have been terminated because of her absences."  Tr. 268.

The ALJ found Hammons's letter "generally credible," but he found Hammons's observations regarding Plaintiff's back pain inconsistent with the record as a whole because Plaintiff's back pain "does not seem to be disabling, at least on a continuing basis."  Tr. 22.  Aside from the ALJ's general summary of the medical record, the ALJ did not clarify which evidence undermined Hammons's opinion.  *See Stout*, 454 F.3d at 1054.

Accordingly, on this record the Court concludes the ALJ erred when he rejected Hammons's testimony because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

**B.   Testimony of Clarence Blake**

Clarence Blake, Plaintiff's partner, submitted a Third Party Function Report dated December 18, 2009, and an additional letter describing Plaintiff's conditions.

In his Third Party Function Report Blake reported he had known Plaintiff for 17 years and that they currently live together.  Tr. 207.  Blake stated Plaintiff helps him with

15 - OPINION AND ORDER

cooking and laundry, but Plaintiff is not as active as she used
to be because of "constant" back pain. Tr. 207-08. Blake stated
Plaintiff's conditions affect her sleep because she cannot "get
comfortable." Tr. 208. Blake reported Plaintiff "helps with the
dishes" and spends 30 minutes per week doing chores. Tr. 209.
Blake stated Plaintiff shops for groceries once per month for
approximately two-to-three hours. Tr. 210. Blake indicated
Plaintiff's conditions affect her ability to lift, stand, squat,
bend, reach, walk, sit, kneel, climb stairs, remember,
concentrate, and understand. Tr. 212. Blake reported Plaintiff
can only walk approximately 100 yards before requiring five-to-
fifteen minutes of rest. Tr. 212.

        In a letter dated February 16, 2012, Blake reported he had
"watched Iva deteriorate physically and mentally." Tr. 263.
Blake stated Plaintiff's supervisors at work would "regularly
send her home" because of her "excruciating" pain. Tr. 263.
Blake reported Plaintiff could not stand long enough to brush her
teeth without having to sit down. Tr. 263. Blake also stated
Plaintiff suffers panic attacks when she does not take her
anxiety medication. Tr. 264.

        The ALJ found Blake's statements "generally credible," but
he discounted Blake's opinion because "[s]ome of Mr. Blake's
statements, such as the claimant's difficulty walking more than
100 yards at a time, appear to be based on the claimant's

16 - OPINION AND ORDER

subjective complaints" and Blake's opinion is "necessarily influenced by his close relationship with the claimant." Tr. 22.

An ALJ may not reject the lay testimony of a spouse or partner solely because of the lay witness's close relationship with the claimant and without evidence of a secondary-gain motive. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693-94 (9th Cir. 2009). The ALJ also may not discount Blake's opinion because it is based on Plaintiff's subjective complaints in light of this Court's finding that the ALJ did not provide legally sufficient reasons for rejecting Plaintiff's testimony.

Accordingly, on this record the Court concludes the ALJ erred when he rejected Blake's testimony because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. Sufficiency of the ALJ's Vocational Hypothetical**

Plaintiff contends the ALJ's hypothetical to the VE was inadequate because the ALJ did not include sufficient limitations relating to Plaintiff's respiratory conditions and arm lesions in his assessment of Plaintiff's RFC.

"An ALJ must propound a hypothetical question that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). "The hypothetical should be 'accurate, detailed, and supported by the medical

17 - OPINION AND ORDER

record.'"  *Id.* (quoting *Tackett*, 180 F.3d at 1101).  It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record."  *Id.*

There is little evidence in the medical record that addresses Plaintiff's skin lesions or respiratory condition. Although a handful of records indicate Plaintiff has "Mild RAD [reactive airway disease]" and contain a few brief references to wheezing on examination and prescriptions for an inhaler, there are not any records that suggest Plaintiff has any functional limitations based on her respiratory condition nor that indicate her respiratory condition is the primary focus of any treatment. *See* Tr. 561, 564, 571, 622, 624, 628.  Accordingly, on this record the Court concludes the ALJ did not err when he failed to include limitations based on Plaintiff's respiratory condition in his assessment of Plaintiff's RFC or in his hypothetical to the VE.

Similarly, there are scant medical records that address Plaintiff's skin lesions.  *See* Tr. 526, 627, 640, 643.  The ALJ listed Plaintiff's skin lesions as a severe impairment at Step Two and, accordingly, precluded Plaintiff from engaging in employment in the food-service industry.  Tr. 15, 23.  There is not any evidence in the medical record, however, that suggests Plaintiff has any limitations related to her skin lesions beyond

those ascribed by the ALJ.  Accordingly, on this record the Court concludes the ALJ did not err when he did not include greater limitations related to Plaintiff's skin lesions in his assessment of Plaintiff's RFC or in his hypothetical to the VE.

**IV.  Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).  The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine whether a claimant is disabled under the Act.  *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are not any outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if such evidence were credited.

*Id.* The reviewing court should decline to credit testimony when

19 - OPINION AND ORDER

"outstanding issues" remain.  *Luna v. Astrue,* 623 F.3d 1032, 1035
(9th Cir. 2010).  When the reviewing court finds the elements of
the "credit-as-true" rule have been satisfied, however, the court
may only remand for further proceedings if "an evaluation of the
record as a whole creates serious doubt that the claimant is, in
fact, disabled."  *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th
Cir. 2014).

Plaintiff concedes the appropriate remedy for the ALJ's
errors is to remand for further administrative proceedings.  On
this record the Court concludes outstanding issues remain that
must be resolved before a determination of disability can be
made.  On remand, accordingly, the ALJ shall fully explain his
reasons for the weight given to the testimony of Plaintiff and
the lay witnesses and, specifically, identify the testimony, if
any, the ALJ does not find credible and the evidence that
undermines that testimony.

## CONCLUSION

For these reasons, the Court **REVERSES** the ALJ's decision and
**REMANDS** this matter to the Commissioner pursuant to sentence four

of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 13th day of March, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

21 - OPINION AND ORDER